Casey, C. J.,
delivered the opinion of the court:
The claimant sets forth that he was lately a private in company B, 15th regiment of Massachusetts volunteers, which was organized for the suppression of the rebellion. That he was enrolled and entered the service of the United States on or about the 12th day of July, 1861, and was discharged by reason of a surgeon’s certificate of disability on or about January 5, 1863.
He further states that on the 3d day of May, 1861, the President *8 of the United States called for a volunteer force to aid in the enforcement of the laws and the suppression of the insurrection, by a proclamation which states .that the enrolment and organization will be made known through the War Department.
That in pursuance thereof, General Orders No. 15, War Department, was issued May 4, 1861, which promulgated a plan of organization for said forces; that paragraph two of memorandum four, of said order, promises to “ every volunteer, non-commissioned officer, private, musician, and artificer, who enters the service of the United States, under this plan, * * * when honorably discharged, * * * * the sum of $ 100.”
That General Orders No. 25, War Department, May 25,1861, after revoking certain parts of the foregoing order, states that “ every volunteer, non-commissioned officer, private, musician, and artificer, who enters the service of the United States under this plan, shall be paid, * * * * when honorably discharged, * * * the sum of $100.”
That by act of Congress, Aug-ust 6, 1861, said proclamation and orders were legalized.
That the petitioner, relying upon the promises set forth as aforesaid by the President of the United States and the Secretary of War, enlisted in the service of the United States, and performed his duties faithfully as a soldier; but that by reason of disability his discharge from the service was afterwards deemed necessary, before the three years of his enlistment had expired, although not sought for by himself. That he was accordingly discharged honorably from the service of the United States, on or about January 5, 1863. That he never received “ the sum of $100” from the United States, although he has endeavored to obtain it from the proper officials, and although honorably discharged without fault on his part.
To this petition the United States, by their Solicitor, file a general demurrer.
The Solicitor contends that the claim cannot be maintained, because the act of July 22, 1861, 12 Stat., 268-9, only allows such claim when the individual “ shall have served for a period of two years, or during the war, if sooner endedand that such act is by its first section expressly made retroactive, and to apply to all who had theretofore been accepted into the service of the United States.
The claimant replies, that the act of July 22, 1861, cited by the Solicitor, should not be held to divest his contract with the United States previously entered into. Especially, as by the act of August *9 6, 1861, sec. 3, 12 Stat., 326, Congress enacted that “ all the acts, proclamations, and orders of the President of the United States, after the 4th of March, 1861, respecting the army and navy of the United States, and calling out or relating to the militia or volunteers from the States, are hereby approved, and in all respects legalized and made valid, to the same intent and with the same effect as if they had been issued and done under the previous express authority of the Congress of the United States.”
A large class of cases depends upon the solution of the question here made. Were it not for the act of July 22, 1861, the case would be free from doubt and difficulty. The acts of July and August, being in pari materia, should be and must be construed together. The only question is whether Congress by the provisions of the first act intended to change and modify the agreement made with those who volunteered under the promise of the bounty, upon being honorably discharged. Standing alone such would be the clear and conclusive indication. But the act of August 6, 1861, is so strong and sweeping in its adoption and ratification of all the proclamations and orders under which the claimant and others volunteered, that we can only give full effect to the terms used by holding that they are entitled to the #100 upon an honorable discharge, according to the contract of enlistment.
The question, we admit, is not entirely free from doubt. And the fact that the cause represents a large class of cases, and therefore gives the United States the right of appeal, while the limited amount in controversy debars the claimant from it, has determined our finding in favor of the claimant.
We therefore hold that the proclamation and orders set forth, the enlistment, under them by the claimant, and the subsequent confirmation and ratification of those executive acts by Congress in the act of August 6, 1861, constitute a contract to pay the claimant #3 00, he having served more than a year, and having been honorably discharged; and that such contract is unaffected by the act of July 22, 1861.
Judgment for claimant for #100.